# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS

| CASSANDRA LYNN SCOTT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 14 C 6433 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | Magistrate Judge Susan E. Cox |
| Defendant. | ) | |

## ORDER

Plaintiff Cassandra Lynn Scott ("Plaintiff") appeals the Commissioner of Social Security's decision to deny his Social Security disability benefits under Title II of the Social Security Act. Plaintiff has filed a motion for summary judgment [dkt.10]. We hereby grant plaintiff's motion and deny the Commissioner's motion for summary judgment [dkt. 16]. The Administrative Law Judge's decision is reversed and remanded for further proceedings consistent with this opinion.

## STATEMENT

Plaintiff appeals the Commissioner of Social Security's decision to deny her Social Security disability benefits under Title II of the Social Security Act.[1] Plaintiff filed a motion for summary judgment, and a motion for summary judgment has also been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). For the reasons outlined below, we grant plaintiff's motion and deny the Commissioner's motion. The Administrative Law Judge's decision is reversed and remanded for further proceedings consistent with this opinion.

Plaintiff claims that she has been disabled since November 21, 2008, due to Crohn's Disease, as well as abdominal pain caused by her abdominal hysterectomy and myofascial flap

---

[1] *See* 42 U.S.C. §§ 404(g), 216(i), 223(d).

closure, and appendectomy with wound complications.[2] Plaintiff applied for disability benefits on August 31, 2010.[3] Her application was denied by the Social Security Administration;[4] Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Two hearings were held before ALJ Daniel Dadabo.[5]

Following the hearing, the ALJ determined, *inter alia*, that: 1) the plaintiff has not engaged in substantial gainful activity since November 21, 2008;[6] 2); Plaintiff's severe impairments are Crohn's Disease, status post total abdominal hysterectomy and myofascial flap closure, and appendectomy with wound complications;[7] 3) Plaintiff's impairments do not meet, either individually or in combination, the severity requirements of the listing in 20 CFR 404, Subpart P, Appendix 1;[8] 4) the Plaintiff has the Residual Functional Capacity ("RFC") necessary to perform sedentary work as defined in 20 CFR 404.1567(a), as long as she never climbs ropes, ladders, or scaffolds, operates machinery, or works around unprotected hazards, and only occasionally stoops, crouches, kneels or crawls;[9] 5) given the previously determined RFC, the ALJ believed that the Plaintiff is not capable of performing her previous work as a delivery driver;[10] and 6) there are jobs in significant number that Plaintiff can perform.[11]

Plaintiff's primary care physician, Dr. Phillip Adjei provided a physical residual functional capacity questionnaire for the Plaintiff. Plaintiff had been treating with Dr. Adjei since 2009. Dr. Adjei opined that Plaintiff's Crohn's Disease, abdominal pain, and abdominal

---

[2] R. at 19.
[3] R. at 209-2012
[4] R. at 121-122.
[5] R. at 39.
[6] R. at 19.
[7] R. at 19.
[8] R. at 20.
[9] R. at 21.
[10] R. at 25.
[11] R. at 26.

wall abscess would prevent her from tolerating even low stress jobs because her condition requires her to have frequent bowel movements, and that her Crohn's disease is exacerbated by stress.[12] He further stated that Plaintiff would have to take unscheduled breaks every 15-30 minutes, and could only sit for 30 minutes at a time without needing to get up.[13]

At the hearing, the medical expert, Hugh Savage ("Savage"), testified that he believed that "normal breaks would be sufficient" to accommodate Plaintiff's Crohn's Disease, and that he "didn't see any consistent mention in the record that would support" Dr. Adjei's opinion that Plaintiff could only sit for 30 minutes at a time.[14] Additionally, the non-examining state agency consultant, James Hinchen ("Hinchen"), found that Plaintiff could sit for approximately 6 hours in an 8-hour workday with normal breaks, and that Plaintiff's reported symptoms were only "partially credible."[15]

The ALJ, in making his RFC determination, assigned "substantial weight" to the opinions of Hitchens and Savage, but decided not to give controlling weight to Dr. Adjei's opinion on the functional impact of Plaintiff's Crohn's Disease "because of inability to provide accurate and specific detail."[16] He further found that Dr. Adjei's conclusions were "internally inconsistent with his own charted progress notes."[17] However, the ALJ failed to take into account or discuss the treating relationship between Dr. Adjei and the Plaintiff.

## DISCUSSION

I.     **STANDARD OF REVIEW**

---

[12] R. at 1085-86.
[13] R. at 1086-87.
[14] R. at 57-58.
[15] R. at 449-455.
[16] R. at 24-25.
[17] R. at 24.

3

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act,[18] if it is supported by substantial evidence, and if it is free of legal error.[19] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[20] Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion.[21] A "minimal[] articulat[ion] of her justification" is enough.[22]

## II. THE RFC DETERMINATION WAS ERRONEOUS BECAUSE THE ALJ FAILED TO GIVE CONTROLLING WEIGHT TO THE TREATING PHYSICIAN'S TESTIMONY.

The "treating physician" rule requires that an ALJ give controlling weight to the medical opinion of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence.[23] If an ALJ does not give the opinion controlling weight, the ALJ must evaluate six criteria in deciding how much weight to afford a medical opinion: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion.[24] An opinion is given controlling weight because "a treating physician has the advantage over other physicians whose reports might figure in a disability case because the treating physician has spent more time with the claimant."[25]

---

[18] 20 C.F.R. §§ 404.1520(a) and 416.920(a).
[19] 42 U.S.C. § 405(g).
[20] *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
[21] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).
[22] *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).
[23] 20 C.F.R. § 404.1527(d)(2); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).
[24] 20 C.F.R. § 404.1527(d)(2)-(d)(6); *Harris v. Astrue*, 646 F. Supp. 2d 979, 999 (N.D. Ill. 2009).
[25] *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007).

Here, the ALJ covered several of the factors, but failed to discuss the nature and duration of Dr. Adjei's examining relationship, or the length and extent of the treatment relationship. One of the main reasons for the treating physician rule is that the treating physician's familiarity with the patient – and the nature and manifestation of the relevant condition – will allow the treating physician to accurately assess how that condition will affect the patient's ability to work.[26] As such, the nature, duration, and extent of the treating relationship are crucial factors that must be addressed by the ALJ. Here the ALJ made no mention of the treating history between Dr. Adjei and the Plaintiff, and how that history may have provided additional credibility for Dr. Adjei's opinions. At the very least, the ALJ should have credited or discounted the treating relationship, found that the remaining factors outweighed the value of the Plaintiff's history with Dr. Adjei, and made his finding that the opinions of Hitchen and Savage should be entitled to greater weight. However, failing to acknowledge the Plaintiff's treating relationship with Dr. Adjei at all was legal error, and the ALJ's decision is reversed.

## CONCLUSION

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 10] and the Commissioner's motion for summary judgment is hereby denied [dkt. 16].

**ENTER:**
**DATED:** October 27, 2015

Susan E. Cox
United States Magistrate Judge

---

[26] *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir. 2003) ("More weight is given to the opinion of treating physicians because of their greater familiarity with the claimant's conditions and circumstances").